**FOR PUBLICATION**

```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                       DIVISION OF ST. CROIX


                                          )
LEE J. ROHN,                              )
                                          )
          Plaintiff,                      )
                                          )
          v.                              )     Civil No. 2007-80
                                          )
AT&T MOBILITY, LLC, f/k/a CINGULAR        )
WIRELESS, LLC; SPRINT NEXTEL;             )
VITELCOM CELLULAR, INC., d/b/a            )
INNOVATIVE WIRELESS; CENTENNIAL DE        )
PUERTO RICO, INC.; and VIRGIN             )
ISLANDS TELEPHONE CORPORATION a/k/a       )
INNOVATIVE TELEPHONE COMPANY,             )
                                          )
          Defendants.                     )
_____)
```

**ATTORNEYS:**

**Lee J Rohn, Esq.**
St. Croix, U.S.V.I.
    *Pro se plaintiff,*

**Henry L. Feuerzeig, Esq.**
St. Thomas, U.S.V.I.
    *For AT&T Mobility, LLC, f/k/a Cingular Wireless, LLC,.*

**Douglas C. Beach. Esq.**
St. Thomas, U.S.V.I.
    *For Sprint Nextel,*

**Kevin A Rames, Esq.**
St. Croix, U.S.V.I.
    *For Vitelcom Cellular, LLC, d/b/a Innovative Wireless and*
    *Virgin Islands Telephone Corporation, a/k/a Innovative*
    *Telephone Company,*

**Matthew J. Duensing, Esq.**
St. Thomas, U.S.V.I.
    *For Centennial de Puerto Rico, Inc.*

*Rohn v. AT&T Mobility, LLC, f/k/a Cingular Wireless, LLC, et al.*
Civil No. 2007-80
Memorandum Opinion
Page 2

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court are the motions of defendants Sprint Nextel ("Sprint"), Vitelcom Cellular, LLC, d/b/a Innovative Wireless ("Innovative Wireless"), Centennial de Puerto Rico, Inc. ("Centennial"), and Virgin Islands Telephone Corporation, a/k/a Innovative Telephone Company ("Innovative Telephone") (collectively, the "Moving Defendants") to dismiss the above-captioned matter. For the reasons stated below, the Court will grant the motions.

### I. FACTS

**A. Background: Number Portability**

Section 251(b) of the Telecommunications Act of 1996, 47 U.S.C. §§ 151, *et seq.* requires that all local exchange carriers ("LECs")[1] must "provide, to the extent technically feasible, number portability in accordance with requirements prescribed by the Commission." 47 U.S.C. § 251(b)(2). The Telecommunications Act defines number portability as "the ability of users of telecommunications services to retain, at the same location, existing telecommunications numbers without impairment of

---

[1] "The term 'local exchange carrier' means any person that is engaged in the provision of telephone exchange service or exchange access. . . ." 47 U.S.C. § 153(26).

*Rohn v. AT&T Mobility, LLC, f/k/a Cingular Wireless, LLC, et al.*
Civil No. 2007-80
Memorandum Opinion
Page 3

quality, reliability, or convenience when switching from one telecommunications carrier to another." 47 U.S.C. § 153(30).

In 1996, the Federal Communications Commission ("FCC") promulgated rules and deployment schedules to implement number portability. *See In the Matter of Telephone Number Portability,* 11 F.C.C.R. 8352 (1996)*, on recons.,* 12 F.C.C.R. 7236 (1997), *further recons.,* 13 F.C.C.R. 21,204, (1998). Although 47 U.S.C. § 251(b)(2) imposed number portability only on LECs, the FCC relied on other statutory provisions to require wireless carriers to provide number portability among themselves and to and from LECs. *See In the Matter of Telephone Number Portability*, 11 F.C.C.R. at 8431-32 ¶ 153 (1996). In the nation's 100 largest population centers, the deadline by which LECs and wireless carriers had to offer number portability was November 24, 2003. *See* 47 C.F.R. § 52.31. In other areas, the deadline for number portability was May 24, 2004. *See In re Verizon Wireless's Petition for Partial Forbearance From Commercial Mobile Radio Services Number Portability Obligation,* 17 F.C.C.R. 14972, 14985-86 (2002).

*Rohn v. AT&T Mobility, LLC, f/k/a Cingular Wireless, LLC, et al.*
Civil No. 2007-80
Memorandum Opinion
Page 4

**B.   Allegations in the Complaint**

On July 2, 2007, Lee J. Rohn ("Rohn"), as representative of a class of individuals,[2] commenced this action against the Moving Defendants, as well as AT&T Mobility, LLC, f/k/a Cingular Wireless, LLC ("Cingular").  The Third Amended Complaint (the "Complaint") alleges that, on June, 2006, Rohn contacted Cingular and requested that her Sprint Nextel telephone number be switched over to her Cingular Blackberry device.  A few days later, Cingular contacted Rohn and informed her that the switch was completed.  For approximately one month thereafter, Rohn "was able to receive and make telephone calls on her Blackberry device with her former . . . Sprint number." (Third Am. Compl. 2-3, ¶ 11.)  "Approximately one month later, [Rohn] started receiving reports that when persons tried to reach her, they heard no busy tone, no ringing, nor any voice mail." (*Id.* at ¶ 12.)  After Cingular's technical support repeatedly told Rohn that the problem was being addressed, Cingular informed Rohn that it would not switch her number.  A Cingular representative told Rohn that "'Cingular does not have coverage or an interconnection agreement for the area . . . .'" (*Id.* at 4, ¶ 17.)

---

[2]  While Rohn has sued as a representative of a class, she has not yet moved for class certification.

*Rohn v. AT&T Mobility, LLC, f/k/a Cingular Wireless, LLC, et al.*
Civil No. 2007-80
Memorandum Opinion
Page 5

Rohn complains that Cingular "has not completed the steps required to make numbers in the Virgin Islands portable." (*Id.* at 5, ¶ 26.) She also complains that the Moving Defendants have similarly failed to comply with related federal requirements.

Count One of the Complaint alleges that the defendants violated the Communications Act by refusing to switch the wireless numbers of Rohn and other customers. Count Two asserts a claim for misrepresentation. Count Three alleges breach of the implied covenants of good faith and fair dealing. Rohn seeks compensatory and punitive damages as well as injunctive relief.

## II.  DISCUSSION

A party may bring either a facial or a factual challenge to the Court's subject-matter jurisdiction pursuant to Rule 12(b)(1). *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). The Moving Defendants claim that the facts alleged in Rohn's Complaint do not constitute a valid basis for this Court's subject matter jurisdiction over this matter. Additionally, they have moved to dismiss the Complaint before filing answers thereto. As such, the Moving Defendants have lodged a facial challenge to this Court's subject matter jurisdiction. *See Mortensen v. First Fed. Savings and Loan Ass'n*, 549 F.2d 884, 891-92 (3d Cir. 1977) (explaining that facial challenges contest the sufficiency of the pleadings, whereas

*Rohn v. AT&T Mobility, LLC, f/k/a Cingular Wireless, LLC, et al.*
Civil No. 2007-80
Memorandum Opinion
Page 6

factual challenges – which "cannot occur until plaintiff's allegations have been controverted" – attack the truth of the facts alleged therein).

In considering the Moving Defendants' facial challenge under Rule 12(b)(1), all material allegations in the Complaint are taken as true. *See Taliaferro v. Darby Twp. Zoning Bd.,* 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"); *Mortensen,* 549 F.2d at 891 (explaining that, in ruling upon a facial attack under Rule 12(b)(1), "the court must consider the allegations of the complaint as true"). Indeed, the "standard is the same when considering a facial attack under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Petruska v. Gannon Univ.,* 462 F.3d 294, 299 (3d Cir. 2006).

### III. ANALYSIS

The Moving Defendants argue that Count One of the Complaint should be dismissed for lack of subject matter jurisdiction. They contend that Rohn lacks standing to sue them.

Subject matter jurisdiction in this Court is limited to "actual cases or controversies." US Const. art. III, § 2. Within that requirement is the necessity that Rohn establish that she

*Rohn v. AT&T Mobility, LLC, f/k/a Cingular Wireless, LLC, et al.*
Civil No. 2007-80
Memorandum Opinion
Page 7

has standing to sue. *See Raines v. Byrd*, 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997). In addition to being a constitutional inquiry, standing is also subject to certain prudential limitations that reflect the need for judicial restraint.[3]

> [A] plaintiff must meet three requirements in order to establish Article III standing. First, he must demonstrate injury in fact-a harm that is both concrete and actual or imminent, not conjectural or hypothetical. Second, he must establish causation-a fairly . . . traceable connection between the alleged injury in fact and the alleged conduct of the defendant. And third, he must demonstrate redressability-a substantial likelihood that the requested relief will remedy the alleged injury in fact.

*Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000) (internal

---

[3] The United States Court of Appeals for the Third Circuit has articulated the test for assessing whether a party satisfies prudential standing as follows:

> [Prudential limits] require that (1) a litigant assert his [or her] own legal interests rather than those of third parties, (2) courts refrain from adjudicating abstract questions of wide public significance which amount to generalized grievances, and (3) a litigant demonstrate that her interests are arguably within the zone of interests intended to be protected by the statute, rule or constitutional provision on which the claim is based.

*Davis v. Phila. Hous. Auth.*, 121 F.3d 92, 96 (3d Cir. 1997); *see also Oxford Assocs. v. Waste Sys. Auth.*, 271 F.3d 140, 145-46 (3d Cir. 2001).

*Rohn v. AT&T Mobility, LLC, f/k/a Cingular Wireless, LLC, et al.*
Civil No. 2007-80
Memorandum Opinion
Page 8

citations omitted). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 561 (1992) (quotation omitted).

    Here, the Complaint alleges that Rohn suffered injuries in the form of inconvenience, mental anguish, phone charges, phone forwarding charges, and other damages, as a result of Cingular's inability to switch her former cellular telephone number to her blackberry. Such injury is concrete, not conjectural, and therefore satisfies the first requirement for standing.

    Second, Rohn must establish that the injury in fact was fairly traceable to the conduct of the Moving Defendants. With respect to the causation prong, the Complaint makes the conclusory statement that Rohn's injuries were attributable to the "actions of the Defendants." (Third Am. Compl. 7, ¶ 36.) However, the only defendant alleged to have committed any conduct in connection with the switching of Rohn's number is Cingular. The only conduct alleged on the part of the Moving Defendants is their failure to comply with number portability requirements. Significantly, however, Rohn has not alleged that her injuries were in any way related to any conduct attributable to the Moving

*Rohn v. AT&T Mobility, LLC, f/k/a Cingular Wireless, LLC, et al.*
Civil No. 2007-80
Memorandum Opinion
Page 9

Defendants. That is, nowhere does the Complaint allege that any of the Moving Defendants ever failed to switch any number belonging to Rohn, ever made any misrepresentations to Rohn, or ever owed any implied duties of good faith and fair dealing to Rohn, let alone breached such duties. Because the injuries alleged in the Complaint are not fairly traceable to the conduct of the Moving Defendants, Rohn has failed to establish the causation element of the standing inquiry.

Although Rohn has not suffered any injury that was caused by any of the Moving Defendants, she purports to bring this action on behalf of a class of plaintiffs who have been harmed by the failure of the Moving Defendants to successfully switch their telephone numbers. However, the fact

> [t]hat a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.

*Lewis v. Casey,* 518 U.S. 343, 357, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 40, n.20, 96 S.Ct. 1917, 1925, n. 20, 48 L.Ed.2d 450 (1976)). Even as a representative of a class, Rohn must allege that she has personally been injured by the conduct of the Moving Defendants. She may not establish standing

*Rohn v. AT&T Mobility, LLC, f/k/a Cingular Wireless, LLC, et al.*
Civil No. 2007-80
Memorandum Opinion
Page 10

based on allegations of injuries caused by the actions of the Moving Defendants when such injuries were suffered by others.

Based on the allegations in the Complaint, Rohn lacks standing to sue the Moving Defendants.  Accordingly, this Court lacks subject matter jurisdiction over Rohn's claims against the Moving Defendants.[4]

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant the Moving Defendants' motions to dismiss.  An appropriate Order follows.

```
                                      S_____
                                         CURTIS V. GÓMEZ
                                           Chief Judge
```

---

[4] Because the Court has determined that Rohn lacks standing to bring this action against the Moving Defendants, the Court need not reach the Moving Defendants' additional arguments in support of dismissal.