**FOR PUBLICATION**

```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                   DIVISION OF ST. CROIX

                                    )
LEE J. ROHN,                        )
                                    )
          Plaintiff,                )
                                    )
          v.                        )    Civil No. 2007-80
                                    )
AT&T MOBILITY, LLC, f/k/a CINGULAR  )
WIRELESS, LLC; SPRINT NEXTEL;       )
VITELCOM CELLULAR, INC., d/b/a      )
INNOVATIVE WIRELESS; CENTENNIAL DE  )
PUERTO RICO, INC.; and VIRGIN       )
ISLANDS TELEPHONE CORPORATION,      )
                                    )
          Defendants.               )
_____)
```

**ATTORNEYS:**

**Lee J Rohn, Esq.**
St. Croix, U.S.V.I.
    *Pro se plaintiff,*

**Henry L. Feuerzeig, Esq.**
St. Thomas, U.S.V.I.
    *For AT&T Mobility, LLC, f/k/a Cingular Wireless, LLC,.*

**Douglas C. Beach. Esq.**
St. Thomas, U.S.V.I.
    *For Sprint Nextel,*

**Kevin A Rames, Esq.**
St. Croix, U.S.V.I.
    *For Vitelcom Cellular, LLC, d/b/a Innovative Wireless and
    Virgin Islands Telephone Corporation,*

**Matthew J. Duensing, Esq.**
St. Thomas, U.S.V.I.
    *For Centennial de Puerto Rico, Inc.*

*Rohn v. AT&T Mobility, LLC, f/k/a Cingular Wireless, LLC*, et al.
Civil No. 2007-80
Order
Page 2

**ORDER**

**GÓMEZ, C.J.**

　　Before the Court is the motion of defendant Centennial de Puerto Rico, Inc. ("Centennial") for an award of attorneys' fees and costs.

　　On July 2, 2007, Lee J. Rohn ("Rohn"), describing herself as representative of a class of individuals, commenced this action against Centennial and other defendants, claiming that they failed to provide telephone number portability.[1] Thereafter, Centennial moved to dismiss Rohn's claims against it for lack of subject matter jurisdiction. On December 29, 2008, the Court granted the motion to dismiss, reasoning that Rohn did not have standing to sue Centennial.

　　Centennial now seeks reimbursement from Rohn in the amount of $20,318.93 for attorneys' fees and costs incurred in this litigation.

---

[1] Section 251(b) of the Telecommunications Act of 1996, 47 U.S.C. §§ 151, *et seq.* (the "Communications Act") requires that all local exchange carriers ("LECs")₁ must "provide, to the extent technically feasible, number portability in accordance with requirements prescribed by the Commission." 47 U.S.C. § 251(b)(2).

*Rohn v. AT&T Mobility, LLC, f/k/a Cingular Wireless, LLC*, et al.
Civil No. 2007-80
Order
Page 3

Title 5, section 541(a) of the Virgin Islands Code ("Section 541") provides for the recovery of attorneys' fees and costs, including:

> (1) Fees of officers, witnesses, and jurors;
>
> (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
>
> (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
>
> (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;
>
> (5) Necessary expense of copying any public record, book, or document used as evidence in the trial; and
>
> (6) Attorney's fees as provided in subsection (b) of this section.

V.I. CODE ANN. tit. 5, § 541(a) (1986).  The statute further provides: "there shall be allowed to the *prevailing party* in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto . . . ." *Id.* at (b) (emphasis added).

While Section 541 does not define "prevailing party," the phrase as used in a federal fee-shifting statute has been defined by the Supreme Court of the United States as one who has "receive[d] at least some relief on the merits of his claim." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health &*

*Rohn v. AT&T Mobility, LLC, f/k/a Cingular Wireless, LLC*, et al.
Civil No. 2007-80
Order
Page 4

*Human Res.*, 532 U.S. 598, 604, 21 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (quoting *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987)). The Court further explained that the judgment, order, or decree must "change [] the legal relationship between [the plaintiff] and the defendant" in order for a party to claim victory and be awarded costs. *Id.* (citing *Texas State Teachers Assn. v. Garland Independent Sch. Dist.*, 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)).

In *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172 (3d Cir. 1999), the United States Court of Appeals for the Third Circuit noted that a party is not a "prevailing party" for purposes of Section 541(a) with respect to claims that have been dismissed for lack of jurisdiction because there has been "no merits resolution of [such] claims." *Id.* at 183 n. 15 (citing *Polk County v. Dodson*, 454 U.S. 312, 331, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (contrasting a dismissal "on the merits" with a dismissal "for want of subject matter jurisdiction")); *see also Hygienics Direct Co. v. Medline Industries, Inc.*, 33 Fed. Appx. 621, 625 (3d Cir. April 8, 2002) (explaining that, for purposes of a federal statute governing taxation of costs, "a defendant cannot be considered a 'prevailing party' when a complaint is dismissed for lack of jurisdiction because the defendant has not

*Rohn v. AT&T Mobility, LLC, f/k/a Cingular Wireless, LLC*, et al.
Civil No. 2007-80
Order
Page 5

prevailed over the plaintiff on any issue that is fundamental to the action.") (unpublished).

Because Rohn's claims against Centennial were dismissed on jurisdictional grounds, the Court finds that Centennial is not the "prevailing party" for purposes of awarding attorneys' fees and costs.  Accordingly, it is hereby

**ORDERED** that the motion for fees and costs is **DENIED.**


S\_____
             **CURTIS V. GÓMEZ**
                **Chief Judge**